**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

IN RE:
Ronald L. Butzlaff

CASE NO. 14-10258
CHAPTER 13

**CHAPTER 13 PLAN**

**MODIFIED PLAN**   Dated: December 15, 2015   [X] When checked, see additional in paragraph 6(d)

**1. Payments to the Trustee.**

The debtor shall pay to the Chapter 13 Trustee   **$2564.00 per month for 40 months**

Lump Sum of $48,751.00 to be paid from sums already paid into plan.

Total paid to Chapter 13 Trustee:   $151,311.00

Payments shall be made in the following manner:   **Direct Debtor Payment**

**Debtor's employer:**   **Spouse's employer:**

**2. Disbursements to Creditors Through Plan.**
After confirmation of the Plan the Chapter 13 Trustee shall make disbursements to creditors by direct payment, as authorized by court order, as follows:

**A. Priority Claims.**
Administrative priority claims, including attorney's fees, shall be paid first, ahead of all claims with the exception of any required equal monthly payments or adequate protection payments provided for under Section B, below.

| | | Interest Rate | Interest Amt | Principle |
|---|---|---|---|---|
| Debtor's attorney: | Donald F. Hayes | | | $1,000.00 |
| Internal Revenue Service | | 0.00% | $ - | $1,561.92 |
| Vermont Dept. of Taxes | | 0.00% | $ - | $0.00 |
| Administrative claim: | 0 | | | |
| Support creditor: | 0 | | | |
| | 0 | | | |
| **Calculated Total to Priority Creditors** | | | $ - | $2,561.92 |

**B. Secured Claims (other than mortgage arrearages).**

Monthly payments on secured claims in which the entire claim is being paid through the plan shall be made in equal monthly amounts as follows and shall be paid concurrently with administrative claims, including attorney's fees.

| Creditor | Type of Claim | Collateral | Principal | Interest | Interest Rate | Term of Months | Monthly Payment |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **Calculated Totals Paid to Secured Claims** | | | $0.00 | $0.00 | | | $0.00 |

Debtor surrenders the following collateral. Upon entry of the confirmation order, the stay is lifted as to the surrendered collateral.

| Creditor | Collateral to be surrendered |
|---|---|
| NONE | |
| | |

**C. Conduit Mortgage Payments (curing mortgage arrearages and maintaining regular monthly mortgage payments)**

Monthly mortgage payments due after the date of the filing of this case are included in this Plan and shall be made by the Trustee pursuant to the terms of Standing Order No. 10-2. In addition to the pre-petition mortgage arrearage stated below, this Plan includes a two month administrative arrearage which consists of the first two monthly mortgage payments which would otherwise be due for the two months immediately following the date of the filing of this case. Pursuant to Standing Order No. 10-2, the administrative arrearage shall compensate the mortgage creditor(s) for those two month's payments which would normally be due within the first two payment due dates after the date the bankruptcy case is filed, and the first regular monthly conduit mortgage payment from the Trustee shall be due by the time the third regular mortgage payment is due after the filing of this bankruptcy case. The table below shows the amount of the regular monthly mortgage payments to be made by the Trustee under the Plan, subject to any adjustments which may be made due during the Plan, the date of the month when each post-petition payment is due, not including any applicable grace period, and both the pre-petition and administrative arrearages. In the event that any mortgage creditor listed below files a proof of claim indicating a higher pre-petition arrearage than stated below, the debtor shall promptly file either a motion to modify the plan so that the mortgage arrearage amount stated below equals the arrearage amount stated in the proof of claim, or an objection to the claim.

| Mortgage Creditor Name | Monthly Payment | Due date | Interest Rate | Variable or Fixed Rate | Pre-petition Arrearage | Administrative Arrearage | Total Monthly Mortgage Pmts in Plan |
|---|---|---|---|---|---|---|---|
| Rushmore Loan Management Services* | $ 974.41 | First of Month | 0.00% | | 0  $ - | $ 1,948.82 | $18,513.79 |
| Rushmore Loan Management Services** | $ 994.77 | First of Month | | | | | $40,785.57 |
| Rushmore Loan Management Services*** | $ - | | | | $ 74,411.49 | $ - | $ - |
| | $ - | | | | $ - | $ - | $ - |
| *, **, and *** - See Addendum and Attachment to Plan. | | | | TOTALS | $ 74,411.49 | $ 1,948.82 | $59,299.36 |

**D. Unsecured Claims.**

Allowed non-priority unsecured claims shall be paid a total dividend of $480.16 to be distributed pro rata.

In the event that the holders of unsecured claims in this case file claims in the amounts scheduled in the petition and those claims are allowed for the scheduled amounts, the percentage dividend to the holders of general unsecured claims will be about 103.81%

In the event that the total of general unsecured claims is less than the total of the scheduled general unsecured claims, the actual percentage dividend will be higher. In the event that the total of the allowed general unsecured claims is greater than the total of the scheduled general unsecured claim amounts, the actual percentage will be lower. In order to determine the actual amount of the percentage dividend to be paid to the unsecured creditors, creditors may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

Any reduction in the Trustee's percentage fee or conduit mortgage payments during the term of the Plan which is not offset by increases in mortgage payments or mortgage escrows may result in an increase in the dividend to be paid to the allowed general unsecured claims in this case.

**3. Maintaining Direct Payments**

**a. Direct Payments Debtor Will Make to Creditors Outside of Plan.**

The debtor shall pay the following monthly payments directly to the creditor and not through the Trustee:

| Creditor | Type of Payment | Amount of Monthly Payment |
|---|---|---|
| NONE | | |

**4. Executory Contracts and Unexpired Leases**

All executory contracts and unexpired leases are rejected, except the following, which are assumed.

| Creditor | Property Description | Treatment by Debtor |
|---|---|---|
| NONE | | |

**5. Trustee's Fees.**

The Chapter 13 Standing Trustee's percentage fees shall be calculated per order of the Executive Office of the United States Trustee on all disbursements through the Plan. The maximum percentage shall be 10% of the disbursements to creditors of the Plan. For any disbursements during a period at which the applicable percentage is less than 10%, the dividend to unsecured creditors shall increase by the amount of any reduction in trustee's fees below the 10% maximum.

**6. Other Provisions.**

a. Property of the estate shall revest in the debtor upon completion of Plan payments by the debtor.

b. Secured creditors and lessors who are continuing to receive direct payments from the debtor shall mail informational statements, invoices, notices or coupons to the debtor in conformance with the local rules of this District.

c. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

d. Other.
**1. Debtor reserves the right to move to modify the plan to seek to provide for the surrender of the collateral with the balance being treated as an unsecured claim.**
**2. Confirmation of the plan shall impose a duty on the holders/servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages only to such arrearages; and to apply all direct payments received from the debtors post-petition first to the month which is the month following the filing of the Plan and then to each and every month thereafter and to otherwise comply with 11 USC Section 524 (i).**

**7. Liquidation Analysis**

| | |
|---|---:|
| Property of the Estate (total value of all scheduled real and personal property) | $272,360.54 |
| Property Subject to Secured Claims | $258,700.00 |
| Exempt Equity in Property (debtor's interest in property claimed as exempt) | $13,660.54 |
| Non-exempt Equity (debtor's interest in property exceeding available exemptions) | $0.00 |
| Estimated Chapter 7 Costs of Sale | $0.00 |
| Estimated Chapter 7 Trustee's Fees | $0.00 |
| Estimated Chapter 7 Other Costs | $0.00 |
| Total Chapter 7 Administrative Costs | $0.00 |
| Priority Claims | $1,561.92 |
| Unsecured Claims | $462.54 |
| Available to Unsecured Creditors in Chapter 7 | -$1,561.92 |
| Estimated Dividend to Unsecured Creditors in Ch 7 | -337.68% |

## 8. Plan Payment Summary

| | |
|---|---:|
| Plan Term (in months) | 40 |
| Monthly Plan Payment to be paid to the Trustee | $2,564.00 |
| Total of all Plan payments to be paid to the Chapter 13 Trustee | $151,311.00 |
| Total principal the Trustee shall pay to holders of priority claims | $2,561.92 |
| Total interest the Trustee shall pay to holders of priority claims | $0.00 |
| Total principal the Trustee shall pay to holders of secured claims (other than mortgage claims) | $0.00 |
| Total Interest the Trustee shall pay to holders of secured claims (other than mortgage claims) | $0.00 |
| Total the Trustee shall pay to cure pre-petition mortgage arrearages | $74,411.49 |
| Total the Trustee shall pay to satisfy mortgage administrative arrearages | $1,948.82 |
| Total the Trustee shall pay to satisfy regular post-petition monthly mortgage (conduit) payments | $59,299.36 |
| Total the Trustee shall pay to holders of priority and secured claims | $138,221.59 |
| Total anticipated Trustee's commission (in dollars) | $12,609.25 |
| Total the Trustee shall pay to holders of general unsecured claims (in dollars) | $480.16 |
| Anticipated dividend the Trustee shall pay to holders of unsecured claims through the plan (%) | 103.81% |

The debtors, by their signature below, affirm that they have read this Plan and understand its terms, and also affirm that to the best of their knowledge and belief:

a. the term of this plan is consistent with the minimum commitment period required by the means test and Form B22C filed in this case;

b. the debtor will be able to make all of the payments under the Plan and to comply with the Plan;

c. the debtor has filed the chapter 13 petition in good faith;

d. the debtor has paid all domestic support obligations that have become due since the filing of this chapter 13 petition and will pay all domestic support obligations that became payable under a judicial or administrative order, or by statute, after the date of the filing of the chapter 13 petition;

e. the debtor has filed all Federal, State, and local tax returns required under applicable tax laws and under sections 521 and 1308 of the Bankruptcy Code; and

f. the debtor will advise the Trustee of changes in post-petition mortgage obligations as required by Standing Order 10-2.


Dated:   December 15, 2015
         /s/   Ronald L. Butzlaff
         Ronald L. Butzlaff
         /s/   [signature]
                                                0

Dated:   December 15, 2015
         /s/ Donald F. Hayes
         Attorney for Debtor

(version cmp. 12.1.10)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD L. BUTZLAFF | ) | Case No. 14-10258-CAB |
| | ) | *CHAPTER 13 Case* |
| Debtor | ) | |

**ATTACHMENT AND ADDENDUM TO PLAN DATED DECEMBER 15, 2015**

**2.C.    CONDUIT MORTGAGE PAYMENTS**

\* Rushmore will be paid $974.41 for the first 19 months of Debtor's plan. This payment includes interest only and escrow. The original note is an adjustable rate with interest only payments for the first 10 years. To the extent the payment increases as a result of an interest rate change the Debtor will modify his Chapter 13 plan accordingly.

Additionally, principal and interest payments will begin in December 2016. Upon notice of payment change Debtor will modify his Chapter 13 filing to account for the larger mortgage payment.

\*\* Rushmore filed a Notice of Mortgage Payment Change (Doc. No. 41) increasing the Debtor's monthly payment to $994.77.

\*\*\* The pre-petition arrearage at owed to Rushmore, based on its proof of claim, is $74,411.49 [claim no. 2]. This arrearage will be paid over the life of the plan.

DATED at Royalton, Vermont this 15th day of December, 2015.

/s/ Donald F. Hayes
Donald F. Hayes, Esq.
Obuchowski & Emens-Butler
PO Box 60, Bethel, VT 05032
(802) 234-6244; (802) 234-6245 - fax
don@oeblaw.com